MADDOX, Justice.
This appeal is due to be dismissed because the notice of appeal was filed too late.
The record shows that this case involved the administration of an estate, which was initially begun in the Probate Court of Crenshaw County and was later removed to the Circuit Court of Crenshaw County for disposition.
In the circuit court, there was a disagreement as to whether a peanut acreage allotment was real property or personal property. On May 17, 1988, the trial court entered an order holding that the peanut allotment was personal property. On June 16, 1988, the appellant, Mary Mills, filed a motion for a new trial or an amendment of the May 17, 1988, order. The record affirmatively shows that the trial judge did not rule on this motion within 90 days, which would have expired on September 14, 1988. On October 4, 1988, the trial court entered an order settling the estate. No appeal was filed within 42 days after that date.
On January 3, 1989, the trial judge entered an “order” that reads in part as follows:
“This Court, therefore, holds that the Guardian’s Motion for New Trial has been denied by this Court through its failure to act on the Motion within 90 days, and accordingly, this Court is without jurisdiction to rule on the Motion at this late date. Furthermore, inasmuch as the Guardian failed to appeal this Court’s denial of the Motion for New Trial within the prescribed period, this Court’s Order of May 17, 1988 is final and not subject to appellate review.”
In effect, the trial judge was explaining that inasmuch as he had not ruled on the motion for new trial, which had been filed on June 16, 1988, it had been deemed denied by operation of law on September 14, 1988. See Rule 59.1, Ala.R.Civ.P.
The appellant filed her notice of appeal on February 14, 1989, purportedly appealing from the May 17, 1988, order and from the statement entered by the trial court on January 3, 1989.
We conclude that the statement entered by the trial court on January 3, 1989, was not an order, but was merely a statement attempting to explain that the appeal time had expired.
It is clear that the final judgment in this case had been entered no later than October 4, 1988, and that no appeal was taken until February 14, 1989 — more than 42 days later. That appeal was clearly too late. See Rule 4, Ala.R.App.P. It is unnecessary for us to decide whether either the May 17, 1988, order or the September 14, 1988, action by operation of law would have been final and appealable.
The appeal was clearly untimely and is due to be dismissed.
APPEAL DISMISSED AS UNTIMELY FILED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.