MADDOX, Justice.
This is an appeal from a trial court’s order holding that a judgment entered in a prior action, which had determined that a peanut allotment was personal property, was a final judgment in the case and, therefore, would support the issuance of a garnishment.
The facts are as follows:
On February 25, 1988, Frances A. Smith, d/b/a J. Bryce Smith Oil Company, a creditor of the estate of C.C. Davis, moved the Circuit Court of Crenshaw County for an order to sell a peanut allotment for the purpose of paying a debt of the estate. The motion alleged that the peanut allotment was personal property owned by the estate.
Mary Mills, individually and as guardian of her mother, Bertha Davis, a non compos mentis, filed an answer on March 31, 1988. However, before the hearing in this matter, Mary Mills sold 24,721 quota pounds of peanuts for $.35 a pound and rented 21,986 pounds of quota peanuts for $.07 a pound.[1]
The court entered an order on May 17, 1988, holding that peanut allotments are personal property and are subject to creditors’ claims. The order reads, in part:
“The court finds that at the time Frances A. Smith filed her motion to sell peanut allotment, the Estate of C.C. Davis, deceased, owned 55,666 pounds of peanut quota. The court further finds that said peanut allotment or quota is personal property and is subject to the claim of Frances A. Smith.
“The court further finds that Mary Mills, as Guardian of Bertha Davis, a non compos mentis, without approval of any court and without knowledge or approval of her own attorney, sold 24,721 quota pounds. of peanuts to Larry Lester for $.35 a pound and rented 21,986 pounds of quota peanuts to Nelson Knight for $.07 a pound.... Mary Mills, individually and as Guardian for Bertha Davis, a non compos mentis, is therefore ordered to pay over to A1 Davis as Executor of the Estate of C.C. Davis, all sums she received from the sale and rent of peanut quota. A1 Davis as Executor is then ordered to pay said money to Frances A. Smith in partial satisfaction of her claim against the Estate of C.C. Davis, deceased. It is further ordered and adjudged that A1 Davis, as executor, and Frances A. Smith, claimant, are granted a judgment of record and lien against Mary Mills, individually and Guardian of Bertha Davis, a non compos mentis, for all sums received by Mary Mills from the sale and rental of said peanut quota and further that said judgment may be satis *437 fied if necessary through levy, execution, or garnishment.”
The court ordered that the proceeds from any peanut allotments sold or leased by Mary Mills should be returned to the estate of C.C. Davis and used to partially settle the claims brought by Frances A. Smith against that estate. The court further ordered that A1 Davis, as executor of the C.C. Davis estate, and Frances A. Smith, as claimant, be granted a lien against Mary Mills for all sums received by Mary Mills for the sale and rental of the peanut allotments. The court further ordered that the judgment could be satisfied, if necessary, through levy, execution, or garnishment.
Mary Mills filed a motion for a new trial or an amendment of that order on June 16, 1988, primarily on the contention that the court had erred in holding that the peanut allotments were personal property and, therefore, were a part of the C.C. Davis estate and subject to payment of debts.
The court took no action on that motion. On October 4, 1988, the court settled the estate of C.C. Davis, and on January 3, 1989, the court issued a statement explaining that the time for appeal had expired.
Mary Mills filed a notice of appeal on February 14, 1989, apparently attempting to appeal from the May 17, 1988, order and from the statement entered by the trial court on January 3, 1989, that the time for appeal had expired. This Court dismissed that appeal on December 22, 1989, as untimely. This Court ruled that, although the February 14, 1989, appeal had been filed within 42 days from the January 3, 1989, statement issued by the trial court, it had not been filed within the required 42 days from the date of the final judgment. See Rule 4, Ala.R.App.P. Mills v. Davis, 558 So.2d 899 (Ala.1989). This Court held that the final judgment occurred no later than October 4, 1988, the date on which the Circuit Court of Crenshaw County settled the estate of C.C. Davis, and that the February 14, 1989, notice of appeal was untimely filed and that the appeal was due to be dismissed.
On April 11,1990, appellees A1 Davis and Frances A. Smith filed a garnishment for $10,191.37 on Mary Mills’s account at Guaranty Federal Savings and Loan Association in Troy, Alabama, based upon the order of May 17, 1988. Mary Mills filed a motion to quash the garnishment on May 17, 1990, alleging that the order of May 17, 1988, was not a final judgment sufficient to support a writ of garnishment. The trial court denied the motion to quash the garnishment on June 19, 1990, and ordered the garnishee to immediately pay into the court all funds withheld pursuant to the process of garnishment, and it further ordered the clerk to disburse the funds to A1 Davis and Frances A. Smith. Mary Mills appealed this order on June 22, 1990.
This court has already ruled that the date of the final judgment in this case occurred no later than October 4, 1988, the date on which the Circuit Court of Cren-shaw County settled the estate of C.C. Davis. Mills v. Davis, supra. Any appeal from that judgment should have been taken within 42 days. The appeal on February 14, 1989, was too late, and the appeal on June 22, 1990, which questions the finality of the May 17, 1988, order, was clearly too late.
The appeal was clearly untimely and is due to be dismissed.
APPEAL DISMISSED AS UNTIMELY FILED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ„ concur.

. "Quota pounds of peanuts” and "pounds of quota peanuts" are the same thing. “Quota” is the proper current term for "allotment.” Peanut quotas or allotments are a creature of federal law and are subject to rules and regulations prescribed by the United States Department of Agriculture.